## Case No. 3,503.

### CURTIS v. HOME INS. CO.

[1 Biss. 485.][1]

Circuit Court, N. D. Illinois. June, 1865.

INSURANCE — YEAR CLAUSE IN POLICY — HOW
WAIVED—REQUIRING ADDITIONAL PROOF.

1. Where a policy of insurance contained a clause that the loss shall be paid within sixty days after it has been ascertained and proved, and another that if the loss is not paid, suit is to be brought within one year after the loss, and claim was made within a reasonable time, and further proofs required and the company held out the promise or intimation that it would pay the loss, in consequence of which the plaintiff was prevented from bringing suit within the year, *held*, the company cannot be permitted to avail itself of these conditions of the policy.

[Cited in Thompson v. Phenix Ins. Co., 136 U. S. 299, 10 Sup. Ct. 1023.]

2. The conduct of the company and the negotiations must be such that the insured, as a reasonable person, is convinced that the company will pay the loss, otherwise he is bound to bring the suit within the time limited.

3. As long as the company ask for further proof, and he in good faith is attempting to furnish it, they by their own conduct induce him to believe that it is unnecessary to commence a suit. But as soon as he makes up his mind not to furnish any more proof he has no right to rely longer on the action of the company.

This was an action by Orlando Curtis [against the Home Insurance Company of New Haven, Conn.] on a policy of insurance for two thousand dollars, dated April 8th, 1861, on what were called the "Keeler Saw Mills," in Marathon county, Wisconsin. The policy was originally for a year, and was renewed for a second year in April, 1862. The property was destroyed by fire on the 14th day of October, 1862. The plaintiff's interest in the property insured was as purchaser at sheriff's sale under a judgment recovered by him against Keeler, the then owner of the property. There was a previous mortgage on the property to Sharpstein, which had been foreclosed, and the defendant claimed that the equity of redemption was gone before the loss under the policy. The plaintiff, however, denied any notice of the foreclosure proceedings, and claimed that the foreclosure was irregular and invalid. The facts further appear in the charge.

E. S. Smith, for plaintiff.

Robert Hervey and N. C. Perkins, for defendant.

DRUMMOND, District Judge, charged the jury as follows:

The main questions in the case are: First, whether the plaintiff had that kind of interest in the property which authorized him to insure it. There has been considerable evidence introduced upon that subject. I think for the present the court will say to you,— leaving it, as I have already intimated, to be

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

considered hereafter if necessary,—that the plaintiff had a sufficient insurable interest in the subject matter of the policy.

If there was a mortgage on the property, given by Keeler, against whom the plaintiff obtained the judgment on which the execution issued, and under which he acquired his right to the property, and that mortgage was foreclosed and the right of the plaintiff to the equity of redemption gone before the property was destroyed, then he ought not to recover anything for the loss. But considering the manner in which that question is left by the proofs, for example the possibility that he might have had the right to come in and have the decree of foreclosure opened, on the ground that he was not actually served with notice; that Sharpstein, who was plaintiff in the proceeding of foreclosure, (as there is some evidence tending to show,) acted as his attorney and trustee for his benefit, I shall leave that matter to you under the instruction that the plaintiff may have had such an insurable interest in the property as to warrant him in making the application and in taking the policy. Of course where a party deals with an insurance company, it must be in entire good faith. If there was any misrepresentation made as to the interest, if for example he was interrogated by the agent of the company as to the nature and character of his interest and he misstated it, it would have avoided the policy. But it is in proof that he did actually state that the interest he had was under a judgment and execution, which turns out in point of fact to be true. He did not state, I believe, that there was a prior mortgage on the property, and there is no evidence to show that he was interrogated on that point before the issuing of the policy. If there were any intentional misrepresentation made at the time the insurance was effected, as to the value of the property, as that it was worth $2,000, when the fact was otherwise, that would also avoid the policy. A mere mistake made by the plaintiff unintentionally, not in bad faith as to its value, I think would not avoid the policy. He might suppose the property was actually worth more than it was. Tho misrepresentation must have been an intentional misstatement as to its value, and it is for you to say whether there was or not anything of that character.

Secondly. Another question made by the defendant is, that by the terms of the policy, it is provided that in case of loss not paid, suit to be available is to be brought within one year after the loss. There is, however, also a provision in the policy that the loss shall be paid within sixty days after the loss shall have been ascertained and proved. I have no doubt this provision in the policy is legal. It is such as the parties could annex to the terms of their contract; so that it was incumbent on the plaintiff, within the time limited by the policy, if he sought to recover in a court of justice an indemnity

for his loss, to bring the suit within twelve months; but it would be unfair, if the plaintiff were prevented from bringing his suit within that time, by the action of the company, that the latter should be permitted to avail itself of this condition annexed to the policy, so that the court would instruct you upon that point in substantially the language employed by the supreme court of this state; if a claim were made for indemnity against the loss within a reasonable time, and negotiations took place between the parties by which further proofs were required and given within a reasonable time, and the promise or intimation held out that the loss would be paid by the company, and in consequence of this the plaintiff was prevented from bringing the suit within the time, then the defendant could not be permitted to avail itself of the condition annexed to the policy. But it is absolutely necessary that the party should show that by the action of the insurance company itself, he has been prevented from bringing suit within the time prescribed; in other words, he, as a reasonable person, must be convinced that it was unnecessary for him to bring suit because the company was acting as if it would pay for the loss. If the conduct of the company is such, and the negotiations or communications between the parties are of such a character as to convince a reasonable person that the company will not pay for the loss, then it is the duty of the party who has sustained the loss to bring the action within the time limited.

In this case it is in evidence that various negotiations took place between the parties. The proof of the loss was furnished within a very short time. It was, during the winter of 1862–3, and up to the summer of 1863, declared to be unsatisfactory. Mr. Pattee, who is a party in interest, and who has testified before you, states that he went to New Haven for the purpose of closing this matter up, and it was said at that time, as it had been previously, that the proofs were unsatisfactory. Now if the plaintiff could see that they were simply waiting for some further proof, and that as soon as this was furnished the loss would be paid, and he was using due diligence, in good faith, to furnish the proofs, it might truly be said that the company, by its own conduct, induced him to suppose that the loss would be paid without any litigation, and therefore that it was unnecessary to commence a suit. As is said in one of the letters introduced before us, "It will be unnecessary for the plaintiff to resort to a court of law, provided the proof shall be furnished in accordance with the conditions of the policy." But the very moment, upon proof being demanded, the plaintiff, Curtis, made up his mind that he would not furnish any more proof, then he has no right to rely upon the action of the company, because there is an end of negotiations.

I cannot commend the manner of Mr. Pattee sticking for what he considered his rights in relation to the abstract of title. It was not acting precisely, I think, as he ought to have acted. He undoubtedly presumed he was acting strictly according to his rights; at the same time, the law always requires in these cases complete good faith, and a disclosure of all the facts. It would have been much more in accordance with the relations of the parties for them both to have maintained their temper, and both to have made a fair and full explanation in regard to the evidence. But while saying this, I am also obliged to say that I do not know that it was incumbent on the plaintiff, by the terms of the 9th section of this policy, to furnish the title papers. The language is, "What was the interest of the plaintiff in the property insured?" This he was required to disclose to the company, when called upon, but I doubt whether he was bound to produce all his title papers. He had already stated to the agent of the company what his interest was, and it seems, in point of fact, that it was ascertained subsequently that there was a mortgage, and that proceedings had taken place under the same.

The remaining question is, if you shall find that the plaintiff is entitled to recover, the amount which you shall find in your verdict. The rule upon that subject is indemnity to the amount of the loss. The policy was upon the Keeler saw mills, and for $2,000, if that was their value. The question is, what loss did the plaintiff sustain in consequence of the fire? Of course it could not exceed $2,000 by the terms of the policy, but the plaintiff cannot recover for a greater loss than he actually sustained, and that cannot be beyond the actual cash value of the property destroyed at the time.

NOTE [from original report]. As to duty of the insured in disclosing character of his interest, consult Illinois Mut. Fire Ins. Co. v. Marseilles Manuf'g Co., 1 Gilman, 236; Commercial Ins. Co. v. Spankneble, 52 Ill. 53. If the agent is informed of the facts connected with such interest, and does not require a statement, the company is bound, even though the interest varies from the conditions of the policy. Atlantic Ins. Co. v. Wright, 22 Ill. 462; Keith v. Globe Ins. Co., 52 Ill. 518. The court of appeals of New York rule that if the officers of an insurance company state that payment will be made, and fix a day at which the time for bringing suit will have expired, the company is estopped from availing themselves of the limitation. Ames v. New York Union Ins. Co., 14 N. Y. 253. Consult, also, Ide v. Phoenix Ins. Co. [Case No. 7,001], and cases there referred to.